UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RUBENS PETION, #13006688,

**FILED**
**CLERK**

1/12/2016 3:45 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

                                    Plaintiff,

                                                    **ORDER**
                    -against-                       15-CV-5770 (JMA)(ARL)

NASSAU COUNTY CORRECTIONAL CENTER,
SHERIFF MICHAEL SPOSATO, CPT. MICHAEL
GOLIO, MARTIN D. MEANEY, ESQ.

                                    Defendants.
----------------------------------------------------------------X
**AZRACK, United States District Judge:**

On October 2, 2015, *pro se* plaintiff Rubens Petion ("plaintiff") commenced this action

against Nassau County Correctional Center ("NCCC"), Sheriff Michael Sposato ("Sheriff

Sposato"), Cpt. Michael Golio ("Cpt. Golio"), and Martin D. Meaney, Esq. ("ADA Meaney" and

collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation

of his constitutional rights.   Accompanying the complaint is an application to proceed *in forma*

*pauperis*.   The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte*

dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b)(1-2)

and Fed. R. Civ. P. 12(h)(3) for the reasons that follow.

## I.   BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983

complaint form.   Plaintiff alleges that he has been held at the NCCC since his arrest on

---

[1]All material allegations in the complaint are assumed to be true for the purpose this Order, see, e.g.,
Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte*
dismissal, a court is required to accept the material allegations in the complaint as true).

1

September 13, 2013 and that on April 10, 2014, he was labeled by NCCC officials as an escape risk. (Compl. at 4.) Plaintiff alleges that he learned from his co-defendant in the underlying criminal case that the Assistant District Attorney, Meaney, ordered plaintiff to be designated as an escape risk based upon a statement made by Capt. Golio. (Id. at 4-5.) Plaintiff claims he was subsequently subjected to cruel and unusual punishment when he was "shackled and handcuffed for hours" which allegedly caused plaintiff to develop a blood clot in his left leg. (Id. at 4.) According to the Complaint, there is no basis for plaintiff to be labeled as an escape risk because he has never tried to escape, jumped bail, or run away from law enforcement officers. (Id. at 5.) Thus, plaintiff claims that the escape risk designation was applied to him without due process of law. (Id.) Because of the escape risk designation, plaintiff claims to have been denied access to the law library and to religious services. (Id.)

Plaintiff also claims he injured his ankles on March 20, 2015 while exiting a Department of Corrections van. (Id. at 4.) As a result, plaintiff claims that he "can barely run," that his multiple grievances have been ignored, and that he has been denied proper medical treatment. (Id. at 4, and ¶ IV.A.) For relief, plaintiff seeks to recover a monetary award of $5 million as well as to have the escape risk designation removed from his record. (Id. at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

## B.     Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).     In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at

678.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

C.   **Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).   In order to state a claim under Section 1983, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).   "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of

others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Claim Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable Section 1983 claim against this defendant. Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claim against him is implausible and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Claim Against NCCC

Plaintiff also names NCCC as a defendant. However, NCCC is a non-suable entity because it is merely an administrative arm of the County of Nassau. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012); see also France v. Nassau Cnty. Jail, No. 14-CV-2547(SJF), 2014 WL 1871937, *3 (E.D.N.Y. May 6, 2014) (dismissing Section 1983 claim against NCCC because, as an administrative arm of Nassau County, lacks the capacity to be sued). Therefore, plaintiff's claim against NCCC is implausible as a matter of

law and is thus dismissed. However, given plaintiff's *pro se* status, the Court next considers whether the complaint alleges a plausible Section 1983 claim if it were to be construed as asserted against the municipality, Nassau County.

### 3. Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the *pro se* complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City,

847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").

Accordingly, even if the complaint were to be construed as against Nassau County, plaintiff has not alleged a plausible Section 1983 claim against it.

### 4. Claim Against ADA Meaney

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucy v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010). Where, such as here, an assistant district attorney is sued for damages in his official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dept. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities). Thus, the Eleventh Amendment precludes any claim for monetary damages against ADA Meaney in his official capacity. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

However, suits against state officials in their official capacities are permitted for prospective injunctive relief to stop ongoing violations of federal law. Mary Jo C. v. New York State & Local Ret.Sys., 707 F.3d 144, 166 (2d Cir. 2013). To the extent plaintiff seeks prospective injunctive relief against ADA Meaney to have the escape risk label removed from

his record, such claim is not barred by the Eleventh Amendment. Plaintiff claims that he was denied due process of law when the escape risk designation was applied to him.

Because plaintiff alleges that he is a pre-trial detainee, his claims arise under the Fourteenth Amendment's Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 535 & n. 16 (1979) (The claims of a pre-trial detainee confined in a state correctional facility are reviewed under the Due Process Clause of the Fourteenth Amendment). Because "[a] person lawfully committed to pretrial detention has not been adjudged guilty of any crime," the Fourteenth Amendment dictates that he or she "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 536.

Though thin, the Court declines to conclude at this early stage in the proceedings that plaintiff's due process claim is implausible. Given plaintiff's pre-trial detainee status, together with his allegations that there is no support for his designation as an escape risk, plaintiff's due process claim seeking prospective injunctive relief against ADA Meaney shall proceed. Accordingly, the Court orders service of the summons and complaint upon ADA Meaney by the United State Marshal Service forthwith.

### 5. Claims Against Cpt. Golio

To the extent that plaintiff attempts to pursue a denial of due process claim against Cpt. Golio for his being "labeled [] as an escape risk for no apparent reason" (Compl. at 4), such claim shall proceed and the Court orders service of the summons and complaint upon Cpt. Golio by the United State Marshal Service forthwith. However, to the extent that plaintiff alleges that he was subjected to "cruel & unusual punishment" arising from the alleged "den[ial of] proper medical care" (id.), plaintiff has not alleged a plausible claim for relief.

"Claims involving the conditions of pre-trial detention are properly analyzed under the

Due Process Clause of the Fourteenth Amendment." Liggins v. Griffo, 356 F. App'x 537, 539 (2d Cir. 2009). The Second Circuit instructs that "[c]laims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009). "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." Liggins, 356 F. App'x at 539.

While prison officials should provide adequate medical care to prisoners, "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). To allege a plausible constitutional claim "arising out of inadequate medical care," a plaintiff must demonstrate a defendant's "deliberate indifference to [his] serious medical needs." Jones v. Vives, 523 F. App'x 48, 49 (2d Cir. 2013). Thus, "an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious [and] (2) subjectively, the defendant official acted with a sufficiently culpable state of mind." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). Here, plaintiff's sparse allegations against Cpt. Golio do not make out a plausible deliberate indifference claim. Even if this Court were to conclude that the denial of treatment for plaintiff's blood clot as described in the Complaint is "sufficiently serious," wholly absent from the Complaint are any factual allegations from which the Court can reasonably construe that Cpt. Golio acted subjectively "with a sufficiently culpable state of mind." Walker, 717 F. 3d at 127. Thus, plaintiff has not alleged a plausible deliberate indifference claim against Cpt. Golio and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1) and with leave to file an amended complaint.

**D.    Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009).   Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id.

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint.   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "Amended Complaint," bear the same docket number as this Order, 15-CV-5770(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim seeking monetary damages against ADA Meaney is *sua sponte* dismissed with prejudice for failure to allege a plausible claim for relief and for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii), 1915A(b)(1-2); Fed. R. Civ. P. 12(h)(3).   Plaintiff's claim against NCCC is *sua sponte* dismissed with prejudice for failure to

allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claim against Sheriff Sposato and plaintiff's deliberate indifference claim against Cpt. Golio are *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and plaintiff is afforded an opportunity to amend such claims in accordance with this Order. **Plaintiff's amended complaint must be labeled as an "Amended Complaint," bear the same docket number as this Order, 15-CV-5770 (JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order.** Plaintiff's claims for prospective injunctive relief against ADA Meaney and Cpt. Golio shall proceed and the Clerk of the Court is directed to forward copies of the summonses and the Complaint to the United States Marshall Service for service upon ADA Meaney and Cpt. Golio forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**                                    __/s/ JMA_____
                                                   Joan M. Azrack
Dated:  January 12, 2016                           United States District Judge
        Central Islip, New York