| UNITED STATES DISTRICT COURT | | C/M |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | | |

```
------------------------------------------------------- X
RUBENS PETION,                                          :
                                                        :
                    Plaintiff,                          :
                                                        :   MEMORANDUM DECISION AND
        -against-                                       :   ORDER
                                                        :
NASSAU COUNTY CORRECTIONAL                              :   15-cv-5770 (BMC) (VMS)
FACILITY, et al.                                        :
                                                        :
                    Defendants.                         :
                                                        :
------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action for alleged violations of his civil rights in connection with his incarceration. This case is before me on two defense motions for summary judgment, which are granted for the reasons stated below. Further, the Court *sua sponte* dismisses plaintiff's claims against defendant Terence Murphy.

## BACKGROUND

The following facts are taken from the evidence defendants submitted in connection with their motions for summary judgment. Plaintiff was an inmate at defendant Nassau County Correctional Center (the "NCCC"), which classified plaintiff as an escape risk after two incidents.

First, the New York state judge presiding over plaintiff's underlying criminal case noted that his "security staff [was] concerned that [plaintiff] may not have a regard for security in this courtroom." Second, a court clerk overheard plaintiff and other individuals charged in his criminal case stating "give me the head nod and we'll make our move." Plaintiff filed

grievances in connection with his classification as an escape risk, but the grievance coordinator denied plaintiff's request to remove his escape risk classification.

Plaintiff also claimed that he injured his ankles when leaving a NCCC transport van, but medical staff found his ankles had no swelling and had full range of motion. Plaintiff requested but did not receive an MRI. A subsequent X-ray showed that plaintiff's ankles had no fractures, dislocations, or other problems. Nonetheless, plaintiff continued to seek – and eventually received – medical treatment for his ankles.

Plaintiff commenced this action for claims arising from the alleged deprivation of medical treatment and his escape risk classification against: the NCCC; two individuals who were allegedly involved in plaintiff's classification as an escape risk, Assistant District Attorney Martin Meaney and police captain Michael Golio; and two individuals who allegedly ignored plaintiff's complaints about his classification, police sheriff Michael Sposato and New York state judge Terence Murphy. Plaintiff seeks to have his "escape risk" classification removed and to recover $3 million in damages under 42 U.S.C. § 1983.

## DISCUSSION

### I. Summary Judgment

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted). Plaintiff must put forward some "concrete evidence from which a reasonable

juror could return a verdict in his favor" to withstand a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Here, plaintiff has put forth no evidence from which a reasonable juror could find in his favor, and has not even opposed defendants' motions for summary judgment. However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). Further, I have afforded particular consideration to plaintiff's position in light of his *pro se* status. See Lue v. JPMorgan Chase & Co., 768 F. App'x 7, 10 (2d Cir. 2019). I nonetheless find that summary judgment is warranted.

### A. Claims Against Michael Sposato and Michael Golio

Plaintiff brings claims against Sposato and Golio related to his classification as an escape risk and his denial of proper medical care. They are without merit. First, with respect to plaintiff's classification as an escape risk, to succeed on a claim arising from an administrative classification, "convicted prisoners must satisfy a stringent atypical and significant hardship standard … ." Valdez v. City of New York, 11-cv-05194, 2013 WL 8642169, at *8 n.5 (S.D.N.Y. Sept. 3, 2013) (internal quotation marks omitted), report and recommendation adopted, 2014 WL 2767201 (S.D.N.Y. June 17, 2014). The standard for pretrial detainees is less stringent, but "administrative classifications of pretrial detainees, even where the classifications come with restrictive conditions, do not give rise to a liberty interest, absent evidence of an intent to punish." Id. at *8 (collecting cases).

The record is not entirely clear as to whether plaintiff was a pretrial detainee at the relevant time, but the record is clear that his administrative classification was neither atypical nor a significant hardship, nor was it made with intent to punish. Rather, plaintiff's classification as

3

an escape risk was appropriate in light of the observations of a judge and his staff who were involved in plaintiff's prosecution that plaintiff was a security risk. No reasonable jury could hold otherwise.

Second, plaintiff's claim for the alleged denial of medical treatment is dismissed for failure to exhaust his administrative remedies. Under 42 U.S.C.A. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement is mandatory," subject only to "certain caveats" that plainly do not apply here. Ruggiero v. Cty. of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (internal quotation marks omitted). Plaintiff was clearly aware of the grievance procedure, which he used to protest his classification as an escape risk, but failed to utilize this grievance procedure for his claim for denial of medical treatment.

Even if plaintiff had exhausted his administrative remedies, his claims against Sposato and Golio would nonetheless be dismissed because plaintiff failed to demonstrate that they were "personally involved in or responsible for the misconduct." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 480 (E.D.N.Y. 2002). Rather, the claims against Sposato and Golio appear to relate exclusively to plaintiff's administrative classification.

In any event, Sposato and Golio are protected by qualified immunity, which "shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317–18 (2d Cir. 1994) (internal quotation marks and citations omitted). This standard protects "all but the plainly incompetent

or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). There is no evidence showing that Sposato and Golio even violated the law, let alone did so in a way that would waive qualified immunity.

### B. Claims Against Martin Meaney

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal citations and quotation marks omitted). A "prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [the prosecutor] proceeds in the clear absence of all jurisdiction." Id. at 237 (internal quotation marks omitted). The claims for damages against Meaney are dismissed because they arise from his employment as a prosecutor and there is no evidence that he proceeded in the clear absence of all jurisdiction.

Separately from any claim for damages, "a plaintiff may sue a state official acting in his official capacity … for prospective, injunctive relief from violations of federal law." Mary Jo C. v. New York State & Local Ret. Sys., 707 F.3d 144, 166 (2d Cir. 2013) (internal quotation marks omitted). To the extent plaintiff seeks injunctive relief against Meaney to remove his classification as an escape risk, this claim is dismissed because, as explained above, plaintiff's classification as an escape risk did not violate his rights.

### C. Claims Against the NCCC

The Court already dismissed plaintiff's claims against the NCCC in its January 12, 2016 order, even though plaintiff's subsequent amended complaint still includes claims against the NCCC. Even if the Court had not already dismissed these claims, it would dismiss them now for the same reason the Court provided in its January 12, 2016 order, i.e. the NCCC is not a suable

5

entity. See Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011). Further, even if the Court were to construe the claims against the NCCC as claims against the County of Nassau under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), the Court would dismiss these claims because there was no underlying constitutional violation. See Segal v. City of New York, 459 F.3d 207 (2d Cir. 2006).

## II. *Sua Sponte* Dismissal

Under the *in forma pauperis* statute, a district court must dismiss a claim if the court determines that the claim "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Judge Murphy has not moved for summary judgment, but since plaintiff is proceeding *in forma pauperis*, the Court *sua sponte* dismisses the claims against Judge Murphy as frivolous. Judges are immune from suit for actions taken in the judge's official capacity, unless these "actions, though judicial in nature, [were] taken in the complete absence of all jurisdiction." Mireles v Waco, 502 U.S. 9, 12 (1991). The claims against Judge Murphy appear to arise from actions taken in the judge's official capacity and plaintiff has not alleged facts showing that he proceeded in the clear absence of all jurisdiction.

## **CONCLUSION**

The [109, 117] motions for summary judgment are granted. The claims against Judge Murphy are dismissed *sua sponte*. The Clerk shall enter judgment in favor of defendants, dismissing this case.

**SO ORDERED.**

                                                                                       _____
                                                                                                                U.S.D.J.

Dated:  Brooklyn, New York
         July 15, 2019